UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE SMITH,

       Plaintiff,                                  Hon. Robert J. Jonker

v.                                               Case No. 1:11-CV-851

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss, (dkt. #17), and Plaintiff's Motion for Subpoena, (dkt. #19). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and Plaintiff's motion be **denied**.

## BACKGROUND

On April 8, 2011, Plaintiff, proceeding without benefit of counsel, initiated the present action in state court against the Social Security Administration. In her complaint, Plaintiff alleges that she has been awarded disability benefits, but is still owed approximately sixteen thousand dollars ($16,000.00) in back pay benefits. Defendant subsequently removed the matter to this Court and now moves for dismissal on the ground that Plaintiff has failed to exhaust her administrative remedies.

## ANALYSIS

I. **Defendant's Motion to Dismiss**

Defendant moves to dismiss the present action on the grounds that Plaintiff's complaint fails to state a claim on which relief may be granted and, furthermore, that the Court lacks subject matter jurisdiction over the claim asserted in Plaintiff's complaint.

The United States "is immune from suit save as it consents to be sued" and "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *See, e.g., Walls v. Astrue*, 2011 WL 4526800 at *3 (W.D. Tenn., Sept. 28, 2011) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). In the context of a claim for Social Security benefits, an individual may sue the United States pursuant to 42 U.S.C. § 405, which provides in relevant part:

> Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added).

As the Supreme Court has observed, § 405(g) "bars judicial review of any denial of a claim of disability benefits until after a 'final decision' by the [Commissioner] after a 'hearing.'" *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976); *see also*, *Quick v. Astrue*, 2011 WL 2149412 at *4 (M.D. Fla., May 10, 2011) (same).

Before seeking judicial review of a decision denying a claim for disability benefits, a claimant must first pursue several avenues of administrative relief. Specifically, if an application for benefits is initially denied, a claimant may seek reconsideration. *See Johnson v. Commissioner*

*of Social Security*, 97 Fed. Appx. 526, 527 (6th Cir., Apr. 23, 2004). If such proves unsuccessful, the claimant may request a hearing before an Administrative Law Judge (ALJ). If the ALJ renders an unfavorable decision, the claimant may seek review before the Appeals Council. *Id.* Moreover, "[o]nly after the Appeals Council has issued a decision is there a 'final decision' by the Commissioner within the meaning of § 405(g)." *Id.* at 527-28. Simply put, a claimant may not pursue judicial review of a decision concerning a claim for benefits until she exhausts her administrative remedies as described immediately above.[1]

The material submitted by Defendant in support of the present motion reveals that pursuant to a decision dated October 29, 2010, Plaintiff was awarded disability benefits with a disability onset date of June 1, 2009. On January 1, 2011, Plaintiff was informed by the Social Security Administration that she would begin receiving monthly disability payments, but that her past-due benefits were being withheld pending a decision as to whether it was necessary to appoint a "representative payee" to receive such. Plaintiff is presently receiving her monthly benefits, but the Commissioner has yet to make a decision regarding the representative payee issue.

While the Court understands Plaintiff's apparent frustration with the lengthy delay in resolving this particular issue, until the Commissioner makes a "final decision" (as defined above) on this matter, this Court is without jurisdiction to hear Plaintiff's claim. Because the Commissioner has yet to issue a "final decision" concerning whether Plaintiff's past-due benefits must be paid to a representative payee, the Court is without authority to act. In sum, the Court lacks subject matter

---

[1] The Court recognizes that there exists an exception to the exhaustion requirement in circumstances where a claimant "presents a colorable constitutional challenge." *See McDonald v. Astrue*, 2012 WL 600617 at *2 (7th Cir., Feb. 15, 2012). Plaintiff is asserting no such claim in this matter. Thus, this exception does not apply.

jurisdiction over Plaintiff's claim. Accordingly, the undersigned recommends that Defendant's motion to dismiss be **granted**.

**II.          Plaintiff's Motion for Subpoena**

Plaintiff has responded to Defendant's Motion to Dismiss by filing a pleading which fails to advance any argument or evidence in opposition to Defendant's motion. Instead, Plaintiff acknowledges that no decision has been made concerning whether her past-due benefits are to be paid to her or to a representative payee.

Plaintiff then asserts that this "federally owned institution. . .is not done to code it leaks and is depleting from the rest of the household to its entirety." Plaintiff then writes, "Motion for Subpoena on satellite of redoing the foundation" and, moreover, that she "wants a mortgage credit." The Court fails to discern the relevance of such matters to the case at hand.

To the extent that Plaintiff's pleading is interpreted as requesting the issuance of a subpoena regarding the issues presented by Defendant's motion, Plaintiff has failed to identify the purpose or relevance of such. The Court, likewise, discerns no basis for the issuance of a subpoena. Accordingly, the undersigned recommends that Plaintiff's motion for subpoena be **denied**.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion to Dismiss</u>, (dkt. #17), be **granted**; and <u>Plaintiff's Motion for Subpoena</u>, (dkt. #19), be **denied**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date: April 10, 2012                              /s/ Ellen S. Carmody
                                                  ELLEN S. CARMODY
                                                  United States Magistrate Judge